UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS NIETO, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:10-cv-00223-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| LITTON LOAN SERVICING, LP, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiffs Carlos Nieto and Estella Gil ("Plaintiffs")--who are husband and wife--have sued Defendant Litton Loan Servicing ("Defendant") on multiple causes of action related to the foreclosure of the mortgage on their second home. Pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 7). The Motion is fully briefed and ripe for ruling. The Court will grant the Motion and dismiss the first, third, and fifth causes of action and deny the Motion as to the second and fourth causes of action.

### I.    FACTS AND PROCEDURAL HISTORY

On or about June 29, 2004, Plaintiffs jointly purchased a second home located at 5500 Fire Island Dr., Las Vegas, NV 89120 (the "Property") for $456,750. (ECF No. 7, Ex. C, at 1–3, 16.)[1] The deed of trust identifies the lender as New Century Mortgage Corp. ("New Century") and the trustee as Fidelity National Title ("Fidelity"). (*Id.*, Ex. C, at 1–2.) Plaintiffs admit default, (*see* Compl. ¶ 4), but allege that they are currently in modification negotiations with the loan servicer, Defendant Litton, (*id.* ¶ 5). Defendant has not yet agreed

---

[1] The Court will take judicial notice of the public records adduced by Defendants. *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

to modify the loan, (*id.* ¶ 7), and Plaintiffs fear an impending foreclosure, (*id.* ¶ 8), despite assurances from Defendant there will be no foreclosure, (*id.* ¶ 9).

Plaintiffs sued Defendant in the Clark County District Court on January 29, 2010 on five causes of action: (1) Promissory Estoppel; (2) Wrongful Foreclosure/Quiet Title; (3) "Tortious" Misrepresentation; (4) Preliminary and Permanent Injunctive Relief; and (5) Violation of Chapter 598D of the Nevada Revised Statutes ("NRS"). Defendant removed and filed the present motion.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not

sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

      **B.    Rule 56(c)**

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party,

could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving

party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   ANALYSIS**

**A.   First Cause of Action - Promissory Estoppel**

Promissory estoppel is an equitable doctrine whereby a party who reasonably relies to his detriment on the promise of another may enforce a verbal contract against the other party, though the other party has given no consideration; it is a substitute for consideration. *See, e.g.*, *Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984); Restatement (Second) of Contracts § 90 (1981). A prima facie case of promissory estoppel has four elements in Nevada: "(1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped. *Pink*, 691 P.2d at 459 (quoting *Cheger, Inc. v. Painters & Decorators Joint Comm., Inc.*, 655 P.2d 996, 998–99 (Nev. 1982)).

Promissory estoppel is a common law exception to the common law element of

consideration normally required in a contract, but it is not generally an exception to the statute of frauds, except in very particular circumstances. *See, e.g.*, *Heyman v. Adeack Realty, Inc.*, 228 A.2d 578, 580 (R.I. 1967); *Bank of Texas, N.A. v. Gaubert*, 286 S.W.3d 546, 554 (Tex. App. 2009) (citation omitted); *Shore Holdings, Inc. v. Seagate Beach Quarters, Inc.*, 842 So. 2d 1010, 1012–13 (Fla. Dist. Ct. App. 2003).  In some states, partial performance of a real estate contract, in conjunction with an oral promise, can defeat the statute of frauds. *See, e.g.*, *Kolkman v. Roth*, 656 N.W.2d 148, 152 (Iowa 2003).  Promissory estoppel can also defeat the statute of frauds where the alleged promise is not a promise to perform, but a promise to sign a document that itself complies with the statute of frauds. *See, e.g.*, *Ortiz v. Collins*, 203 S.W.3d 414, 424 (Tex. App. 2006).  Here, Plaintiffs make no claim that they partially performed the alleged contract or that the agreement was one to sign an existing document.  Plaintiffs allege that Defendant made a promise to perform: to modify the existing promissory note in an unspecified manner.

The Restatement also indicates that the statute of frauds can be overcome by promissory estoppel where necessary to avoid injustice. Restatement (Second) of Contracts § 139.  The law surrounding the Nevada statute of frauds is strict.  An oral agreement concerning real estate that is not in writing is void. *Dolge v. Masek*, 268 P.2d 919 (Nev. 1954).  It is, however, possible to avoid the statute of frauds with respect to a transaction involving an interest in land in Nevada, but "[t]o avoid the Nevada Statute of Frauds in a transaction involving land, a party must prove estoppel or part performance by an 'extraordinary measure . . . of evidence.'" *Waters v. Weyerhaeuser Mortgage Co.*, 582 F.2d 503, 506 (Nev. 1978) (citations omitted).  Plaintiffs have not met this burden.

Plaintiffs' argument that they "would have taken other alternatives such as filing a bankruptcy or filing this underlying action prior to the foreclosure in order to thwart a foreclosure," (Compl. ¶ 14), is not enough to survive summary judgment in the context of a

promissory estoppel claim concerning a land transaction. Even under a promissory estoppel theory, a contract cannot be created by one party's subjective expectations. *Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989) (employment contract). Reasonable reliance means objectively reasonable reliance, and an invitation to negotiate is not an offer. *See State v. Delaney*, 598 A.2d 138, 142 (Vt. 1991); *Chang v. First Colonial Savs. Bank*, 410 S.E.2d 928, 930 (Va. 1991). Plaintiffs admit default and cannot have reasonably relied by foregoing the opportunity to file an unmeritorious and improper stalling action in the face of foreclosure. Moreover, Plaintiffs allege that by relying on Defendant's promise, they lost the ability to file the action "prior to a foreclosure." But no foreclosure appears to have occurred in this case, suggesting that the present complaint is a poorly edited form complaint that is inconsistent with the facts. Also, Plaintiffs cannot have "reasonably" relied by allegedly foregoing a bankruptcy filing, because such a filing could not have cured the default. It would only delay a foreclosure sale, and likely for no longer than the present action has already done; it would not have affected Plaintiffs' equitable interest in the Property.

Furthermore, the second element of promissory estoppel is lacking supporting evidence. Plaintiffs do not claim that Defendant "intend[ed] that his conduct shall be acted upon, or [acted such] that the party asserting estoppel has the right to believe it was so intended." *Pink*, 691 P.2d at 459 (quoting *Cheger*, 655 P.2d at 999). There is certainly no "extraordinary evidence" of this.

Defendant has shown that a reasonable jury could not find that Plaintiffs have met their burden of proof on the promissory estoppel claim, and Plaintiffs have not met their shifted burden to establish a genuine issue of material fact. Plaintiffs' evidence is limited to a declaration in a verified complaint that a promise was made. This is not an "extraordinary measure or quantum of evidence" of the elements of promissory estoppel. *Zunino v. Paramore*, 435 P.2d 196, 197 (Nev. 1967). No witnesses provide affidavits to corroborate

any promise, there is no evidence of any document prepared for signature, and there is no other evidence of an offer. Plaintiffs have not met their shifted burden to show a genuine issue of material fact. The Court will grant the Motion for Summary Judgment (ECF No. 7) as to the first cause of action.

### B.   Second Cause of Action - Wrongful Foreclosure/Quiet Title

A lender generally owes no duty of care to its borrower. *See Nymark v. Heart Fed. Sav. & Loan*, 231 Cal. App. 3d 1089, 1096 (1991). But this is only true in a lender's "conventional role as a mere lender of money." *Id.* It does not indicate that in California (or Nevada) lenders (or others) have no duty of care in foreclosing proceedings. The United States District Court for the Northern District of California has ruled that a foreclosure trustee has a duty of care to a trustor, but that the scope of the duty is circumscribed by the statutes governing foreclosures. *Hendrickson v. Popular Mortgage Servicing, Inc.*, No. 09-00472-CW, 2009 WL 1455491, at *7 (N.D. Cal. May 21, 2009) ("[T]he scope and nature of the trustee's duties in a nonjudicial foreclosure 'are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist.'" (quoting *Pro Value Props., Inc. v. Quality Loan Serv. Corp.*, 88 Cal. Rptr. 3d 381[, 384] (2009))).

Therefore, there is no general duty of care, but there is a duty of care as defined by the Nevada foreclosure statutes, assuming the Nevada Supreme Court would hold as the California Supreme Court did in *Pro Value Props., Inc.* The statutes governing foreclosures in Nevada are Nev. Rev. Stat. §§ 107.080–.100. Therefore, these statutes set the floor of the duty of care for a foreclosing entity. *See Hendrickson*, 2009 WL 1455491, at *7. Under these statutes, the beneficiary, his successor in interest, or the trustee under a deed of trust (or their agents), must record a notice of default and election to sell before a trustee sale may occur. Nev. Rev. Stat. § 107.080(2)(c).

Plaintiffs allege wrongful foreclosure based on Defendant's failure to consummate an

alleged oral promise to modify the loan and Plaintiffs' anticipation of foreclosure. This will not support a wrongful foreclosure claim, but a statutory defect in foreclosure will. Defendant argues that, as a threshold matter, the wrongful foreclosure claim is unripe because the foreclosure process has not yet begun. However, this does not actually seem to be true in this case. The Clark County Recorder's Index available online indicates that National Default Servicing Co. did record a notice of default against Plaintiffs with respect to parcel 162-25-810-008 on June 4, 2009. (http://recorder.co.clark.nv.us/). This matches the parcel number on the deed of trust. (*See* ECF No.7, Ex. C, at 3.) On September 9, 2009, Deutsche Bank National Trust Co. substituted National Default Servicing Co. as trustee, which then recorded a notice of trustee sale. It is not clear who owned the promissory note at that time, or what party caused these entities to record the notices.

In summary, not only does foreclosure appear imminent, but there may be potential statutory defects in the foreclosure here. To obtain summary judgment on this claim, Defendant need only provide evidence showing either that it did not cause the foreclosure at all, or if it did, that it has the interest in the underlying loan and caused the entities identified above to record these documents, or that the beneficiary or trustee, if not Defendant, caused Defendant to cause the recordings. As it stands now however, there is a genuine issue of material fact as to wrongful foreclosure, and the Court will deny summary judgment on this cause of action.

### C. Third Cause of Action - "Tortious" Misrepresentation

There are at least three kinds of tortious misrepresentation. In most states, such as Nevada, the torts of negligent misrepresentation and intentional misrepresentation (common law fraud) are recognized. *See, e.g.*, *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006) (negligent); *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992) (intentional). In one state, a cause of action may also lie for "strict

responsibility misrepresentation." *See Van Lare v. Vogt, Inc.*, 683 N.W.2d 46, 54 (Wis. 2004). The third cause of action here potentially implicates intentional misrepresentation (fraud) and negligent misrepresentation. The elements of intentional misrepresentation in Nevada are:

1. A false representation made by the defendant;

2. Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation);

3. Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation;

4. Plaintiff's justifiable reliance upon the misrepresentation; and

5. Damage to the plaintiff resulting from such reliance.

*Bulbman*, 825 P.2d at 592.

Under Rule 9(b), circumstances constituting fraud or mistake must be stated with particularity. Fed. R. Civ. P. 9(b). This has been construed to require a plaintiff to "state precisely the time, place and nature of the misleading statements, misrepresentations and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). A plaintiff must plead facts such as "he bought a house from defendant, that the defendant assured him that it was in perfect shape, and that in fact the house turned out to be built on a landfill . . . ." *Warshaw v. Xoma Corp.*, 74 F.3d 955, 960 (9th Cir 1996) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)). The plaintiff must also "set forth an explanation as to why the statement or omission complained of was false and misleading." *In re GlenFed Sec. Litig.*, 42 F.3d at 1548. Next, a claim for negligent misrepresentation requires a plaintiff to plead: 1) a representation that is false; 2) that the representation was made in the course of the defendant's business or in any action in which he has a pecuniary interest; 3) the representation was for the guidance of others in their business transactions;

4) the representation was justifiably relied upon; 5) that such reliance resulted in pecuniary loss to the relying party; and 6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information. *G.K. Las Vegas Ltd. P'ship*, 460 F. Supp. 2d at 1262.  Negligent misrepresentation must also be pled with particularity. Fed. R. Civ. P. 9(b).  It is not clear whether intentional or negligent misrepresentation is intended to be pled, but, regardless, neither claim is sufficiently pled.  There is no allegation of any misrepresentation of past or present facts.  The third cause of action is essentially the promissory estoppel claim recast as "misrepresentation."  No misrepresentation claim, either intentional or negligent, lies from a false promise to perform in the future.  Plaintiffs conflate misrepresentation with promissory estoppel; the former is based on a misrepresentation of an existing fact, whereas the latter is based on a misstatement of future intentions. *See, e.g.*, *Corbett v. Firstline Sec., Inc.*, No. 08-cv-5124 (ADS)(WDW), 2009 WL 4643391, at *6 (E.D.N.Y. Dec. 9, 2009); *Deutsche Bank Nat'l Trust Co. v. Sinclair*, 2009 WL 485 6409, at *2 (N.Y. App. Div. 2009).  The later action has been separately pled.  The Court will therefore grant the Motion to Dismiss (ECF No.7) as to the third cause of action for tortious misrepresentation.

### D.    Fourth Cause of Action - Injunctive Relief

The Ninth Circuit in the past used two separate sets of criteria for determining whether to grant preliminary injunctive relief.  Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest (in certain cases). *Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007).  The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his

favor. *Id.* "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* The Supreme Court recently reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "*likely*," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 374–76 (2008) (rejecting the Ninth Circuit's alternative "sliding scale" test).

The Ninth Circuit has explicitly recognized that its alternative test was overruled by *Winter*, and that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374).

Here, the Plaintiffs have not made a sufficient showing of likelihood of success on the merits, as they have not affirmatively demonstrated that there actually was a defect in the initiation of the foreclosure proceedings, so a preliminary injunction will not be entered or granted at this time. However, their request for injunctive relief will not dismissed while the wrongful foreclosure cause of action is still pending. Accordingly, the Court will deny Defendant's Motion to dismiss the request for injunctive relief styled as Plaintiffs' fourth cause of action.

### E.     Fifth Cause of Action - Chapter 598D

Plaintiff entered into the present mortgage on June 29, 2004. (ECF No.7, Ex. C, at 1.) Nev. Rev. Stat. § 598D.100 was amended in 2007, with an effective date of June 13, 2007. *See* 2007 Nev. Stat. §§ 2844–46. It is the pre-2007 version of the statute that applies to the present case. That version of statute prohibited a lender from making "a home loan to a borrower based solely upon the equity of the borrower in the home property and without determining that the borrower has the ability to repay the home loan from other assets . . . ."

Nev. Rev. Stat. § 598D.100 (2006).[2]

Moreover, section 598D.100 has only ever applied to "home loan[s]," and the pre-2007 version of the statute required loans to qualify as "a mortgage under § 152 of the Home Ownership and Equity Protection Act of 1994 ('HOEPA'), 15 U.S.C. § 1602(aa) . . . ." in order to qualify as a "home loan" under Nev. Rev. Stat. § 598D.040. *Id.* HOEPA § 152 excludes "residential mortgage transactions" from coverage. 15 U.S.C. § 1602(aa)(1). "Residential mortgage transaction[s]" include those where a deed of trust is created or retained against the consumer's dwelling to finance its acquisition or construction. 15 U.S.C. § 1602(w). In other words, HOEPA applies to credit transactions where a person secures a debt obligation with a security interest against his existing "principal dwelling," but it excludes "residential mortgage transaction[s]" otherwise known as purchase money mortgages. *McAnaney v. Astoria Fin. Corp.*, No. 04-CV-1101 (JFB)(WDW), 2009 WL 3150430, at *16 (E.D.N.Y. Sept. 29, 2009); *Llaban v. Carrington Mortgage Servs., LLC*, No. 09-CV-1667-HPOR, 2009 WL 2870154, at *5 (S.D. Cal. Sept. 3, 2009). Therefore, even the pre-2007 version of the statute is inapplicable in the present case as a purchase money mortgage is at issue here. Moreover, the three-year statute of limitations expired on this cause of action on June 28, 2007, over two years before the Complaint was filed on January

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] The new statute broadens the protection given to consumers by making it actionable when a lender knowingly or intentionally makes "a home loan . . . without determining, using any commercially reasonable means or mechanism, that the borrower has the ability to repay the home loan." § 598D.100 (2009).

28, 2010. *See* Nev. Rev. Stat. § 11.190(3)(a).  The Court will dismiss this cause of action.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 7) is GRANTED as to the first, third, and fifth causes of action in Plaintiffs' Complaint and DENIED as to the second and fourth causes of action.

DATED this 23rd day of February, 2011.

_____
Gloria M. Navarro
United States District Judge