# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS NIETO, et al. ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> LITTON LOAN SERVICING, LP ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:10-cv-00223-GMN-GWF <br><br> **ORDER** |

Pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 20), which was filed on April 20, 2011. Plaintiffs, who are represented by counsel, have failed to file a Response. Consequently, Defendant filed a Motion for Entry of Order on Motion for Summary Judgment (ECF No. 21) on June 1, 2011. For the reasons that follow, both of Defendant's Motions will be DENIED without prejudice.

## I.    BACKGROUND

On or about June 29, 2004, Plaintiffs jointly purchased a second home located at 5500 Fire Island Dr., Las Vegas, NV 89120 (the "Property") for $456,750. (Ex. C, Mot. to Dismiss, ECF No. 7.) The deed of trust identifies the lender as New Century Mortgage Corp. ("New Century") and the trustee as Fidelity National Title ("Fidelity"). (*Id.*) Plaintiffs admit default, (*see* Compl. ¶ 4), but allege that they are currently in modification negotiations with the loan servicer, (*id.* ¶ 5). Defendant, the loan servicer, has not yet agreed to modify the loan, (*id.* ¶ 7), and Plaintiffs fear an impending foreclosure, (*id.* ¶ 8), despite assurances from Defendant that there will be no foreclosure, (*id.* ¶ 9).

Plaintiffs sued Defendant in the Clark County District Court on January 29, 2010 on five causes of action: (1) Promissory Estoppel; (2) Wrongful Foreclosure/Quiet Title; (3) "Tortious"

Misrepresentation; (4) Preliminary and Permanent Injunctive Relief; and (5) Violation of Chapter 598D of the Nevada Revised Statutes ("NRS").  Defendant removed and filed a Motion to Dismiss or, in the alternative, for Summary Judgment (ECF No. 7).

The Court granted the Motion in part and denied it in part. (*See* ECF No. 18.)  It granted the Motion as to Plaintiffs' causes of action based on Promissory Estoppel, "Tortious" Misrepresentation, and violations of Chapter 598D of the Nevada Revised Statutes, but denied the Motion as to Plaintiff's Wrongful Foreclosure/Quiet Title and Preliminary and Permanent Injunctive Relief claims, determining that the party that had recorded the notices of default and trustee sale--National Default Servicing Company, which is not a defendant in this action--may not have been authorized to do so.  However, the Court explained:

> To obtain summary judgment on this claim, Defendant need only provide evidence showing either that it did not cause the foreclosure at all, or if it did, that it has the interest in the underlying loan and caused [Deutsche Bank National Trust Company and National Default Servicing Company] to record these documents, or that the beneficiary or trustee, if not Defendant, caused Defendant to cause the recordings.

(Order 9:13-17, ECF No. 18.)

## II. MOTION FOR SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1207 (9th

1  Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A
2  principal purpose of summary judgment is "to isolate and dispose of factually unsupported
3  claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

4  In determining summary judgment, a court applies a burden-shifting analysis.  "When
5  the party moving for summary judgment would bear the burden of proof at trial, it must come
6  forward with evidence which would entitle it to a directed verdict if the evidence went
7  uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing
8  the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp.*
9  *Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations
10 omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or
11 defense, the moving party can meet its burden in two ways: (1) by presenting evidence to
12 negate an essential element of the nonmoving party's case; or (2) by demonstrating that the
13 nonmoving party failed to make a showing sufficient to establish an element essential to that
14 party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477
15 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be
16 denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H.*
17 *Kress & Co.*, 398 U.S. 144, 159–60 (1970).

18 If the moving party satisfies its initial burden, the burden then shifts to the opposing
19 party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v.*
20 *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute,
21 the opposing party need not establish a material issue of fact conclusively in its favor.  It is
22 sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the
23 parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*
24 *Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid
25 summary judgment by relying solely on conclusory allegations that are unsupported by factual

data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.  DISCUSSION

Defendant has failed to meet its burden of showing that no questions of material fact exist and that it is entitled to judgment as a matter of law.  Although Defendant successfully demonstrates that the September 9, 2009 Notice of Trustee's Sale was properly filed because it was entered by National Default Servicing Company (*see* Ex. F, Mot. Summ. J., ECF No. 20), which had been properly substituted as trustee, (*see* Ex. E, Mot. Summ. J., ECF No. 20), by Deutsche Bank National Trust Company, which, in turn, had been properly substituted as the beneficiary of the Deed of Trust, (*see* Ex. E, Mot. Summ. J., ECF No. 20), Defendant has failed to show that the June 4, 2009 Notice of Default was properly entered.

"[I]n Nevada, it is a statutory defect in foreclosure for an entity that is not yet the beneficiary, trustee, or an agent of one of these, to record the [Notice of Default]." *Kartman v. Ocwen Loan Servicing, LLC*, No. 2:09-cv-02404-GMN-PAL, 2010 WL 3522268, at *4 (D. Nev. Sept. 01, 2010).  However, a party may be able to prevail on summary judgment by showing that it was acting at the direction of the beneficiary or the trustee at the time it filed the Notice of Default. *See Kartman,* 2010 WL 3522268, at *5.

Here, National Default Servicing Company filed the Notice of Default on June 4, 2009, (*see* Ex. D, Mot. Summ. J., ECF No. 20), which was three months prior to when it officially

became a trustee under the Deed of Trust.  Nevertheless, Defendant argues that the Notice of Default was filed properly because National Default Servicing Company was at the time acting as the agent of Defendant, which, in turn, was acting as the agent of the beneficiary. (Mot. Summ. J. 6:4-9, ECF No. 20.)  Defendant would have prevailed on this Motion for Summary Judgment if it had adduced evidence that this was actually the case; however, it did not and its Motion must therefore be denied.

Although Defendant's litigation manager, Christopher Spradling, does aver in a sworn affidavit that National Default Servicing Company was serving as Defendant's agent at the time it filed the Notice of Default, (*see* Ex. C ¶ 9, Mot. Summ. J., ECF No. 20), Defendant fails to demonstrate that Defendant was serving as an agent of the beneficiary or trustee at that time. The only evidence Defendant produces in support of its contention that Defendant was acting as the agent of the beneficiary are Mr. Spradling's statement that "[Defendant] commenced servicing of the Plaintiff's loan on or about November 11, 2004, and has serviced the Plaintiff's loan on an uninterrupted basis ever since," (*see* Ex. C ¶ 7, Mot. Summ. J., ECF No. 20), and Defendant's 2004 letter to Plaintiffs indicating that it was assuming the responsibility of servicing Plaintiffs' home loan, (*see* Ex. 1 to Ex. C, Mot. Summ. J., ECF No. 20).  Neither of these pieces of evidence, without more, is sufficient to demonstrate that Defendant was the agent of the beneficiary or trustee at the time it instructed  National Default Servicing Company to file the Notice of Default.  First of all, neither document demonstrates that either the trustee or the beneficiary appointed Defendant to service the loan; therefore, it is unclear whether Defendant was even authorized to service the loan.  Second, even assuming Defendant was authorized to service the loan, neither piece of evidence demonstrates that, for the purposes of this particular loan servicing, one of Defendant's powers as the servicer of the loan was the ability to instruct another entity to file a Notice of Default.  Thus, a question of material fact remains as to whether Defendant was acting as the agent of the beneficiary and/or trustee at the

time it directed National Default Servicing Company to file the Notice of Default.

Accordingly, summary judgment cannot be entered in favor of Defendant, even though Plaintiffs have failed to respond, *see Henry v. Gill Industries, Inc.*, 983 F.2d 943 (9th Cir. 1993) ("A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56, hence impermissible under Rule 83."). Both of Defendant's Motions will consequently be DISMISSED without prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 20) and Motion for Entry of Order on Motion for Summary Judgment (ECF No. 21) are **DENIED without prejudice**.

DATED this 5th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge